IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-3
(3:05-cr-43)

| | | |
|---|---|---|
| ROBERTO DIAZ-RUEDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Having carefully considered the petition and the entire record of this case, including the underlying criminal case, and it appearing that Petitioner has been released from custody,[1] the Court concludes for the reasons that follow that it no longer has a case or controversy justiciable under § 2255.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Mun. Court, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated at the time he files the petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992). This remains true even if a defendant is released from prison during the pendency of the § 2255 motion. Bryson, 981 F.2d at 726.

---

[1] See Federal Bureau of Prisons, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=19924-058&x=107&y=22(Jan. 19, 2011).

A petitioner must, however, also show that in spite of his subsequent release, he can still meet "the case or controversy requirement of Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (Petitioner failed to show injury-in-fact in challenge to a parole revocation, where Petitioner had been released from prison after filing habeas corpus petition). "Once the convict's sentence has expired ... some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Id., at 7 (citations omitted).

As detailed above, Petitioner has been released from confinement, upon which he was subject to deportation. (Case No. 3:05cr43, Doc. No. 14: Judgment at 3). The instant Motion to Vacate does not challenge the conviction itself, but only the length of Petitioner's sentence of imprisonment based on alleged errors in the scoring of his criminal history under the United States Sentencing Guidelines, disparity compared to sentences in fast-track districts, and subsequent amendments to the guidelines.[2] (Doc. No. 1: Motion at 2-4). Thus, no collateral consequence of the conviction is at issue and no case or controversy exists.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** as moot; and

2. pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural

---

[2] The Fourth Circuit found that the Court properly considered the guidelines and imposed a reasonable sentence. (Case No. 3:05cr43, Doc. No. 32: Opinion at 3).

grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

3